# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

**CIVIL ACTION NO. 16-181-DLB**

**LISA TAYLOR**                                                                                                      **PLAINTIFF**

**vs.**                         **<u>MEMORANDUM OPINION & ORDER</u>**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                               **DEFENDANT**

                              \*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, hereby affirms the decision of the Commissioner.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2012, Plaintiff Lisa Taylor applied for Disability Insurance Benefits ("DIB"), alleging disability beginning on October 1, 2011. (Tr. 16, 167-68). Specifically, Plaintiff alleged that she is unable to work due to "chronic major depression" and "generalized anxiety and major chronic depression." (Tr. 187).

Plaintiff's application was denied initially and again on reconsideration. (Tr. 104, 109). At Plaintiff's request, an administrative hearing was conducted on July 23, 2015, before Administrative Law Judge ("ALJ") Steven Collins. (Tr. 32-76). On September 24, 2015, ALJ Collins ruled that Plaintiff was not entitled to disability benefits. (Tr. 13-31). This decision became final when the Appeals Council denied Plaintiff's request for review

on August 22, 2016. (Tr. 1-4). Plaintiff filed the instant action on October 14, 2016. (Doc. # 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 10 and 12).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the court is required to affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if it might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether

the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform her past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B. The ALJ's Determination**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of October 1, 2011 through her date last insured of March 31, 2014. (Tr. 18). At Step Two, the ALJ determined that Plaintiff has the following severe impairments: depression and anxiety disorder. (Tr. 18). At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 19).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] is limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements. Her work should involve only simple, work-related decisions with few, if any, workplace changes. She can have occasional contact with co-workers, supervisors, and the public.

(Tr. 21). Based upon this RFC, the ALJ concluded that Plaintiff was not able to perform past relevant work. (Tr. 24). Accordingly, the ALJ proceeded to Step Five, and

found that considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 25). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision. (Tr. 25-26).

### C. Analysis

Plaintiff alleges two errors in the hearing decision and asks this Court to reverse the disability determination. Specifically, Plaintiff argues that the ALJ's decision was not supported by substantial evidence, because he misrepresented a third-party report, and failed to give proper weight to Dr. Geraldine Wu's opinion. (Doc. # 10-1).

#### *1. The ALJ did not err in finding that Plaintiff's impairments did not meet the severity of a listing*

At the third step in the disability determination process, the Commissioner considers the medical severity of the claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The Commissioner must determine whether the claimant's impairment meets or equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, which "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education or work experience." *Id.*; 20 C.F.R. § 404.1525(a). If the claimant can satisfy all of the objective medical criteria as well as the duration requirement, then he or she "will be deemed conclusively disabled, and entitled to benefits." *Reynolds v. Comm'r Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011); *see also* 20 C.F.R. § 404.1509 (stating that the impairment "must have lasted or must be

4

expected to last for a continuous period of at least 12 months," unless it is expected to result in death). Alternatively, the claimant will be deemed disabled if he or she demonstrates that the impairment is "at least equal in severity and duration to the criteria of any listed impairment" and meets the duration requirement. 20 C.F.R. § 404.1525(c)(3).

At Step Three, the ALJ identified Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety and obsessive-compulsive disorders) as possible Listings of Impairments that Plaintiff might meet. (Tr. 19). He then set out the criteria for each Listing and compared it against the medical records, Plaintiff's testimony, and a third-party function report. (Tr. 20). Fist, the ALJ considered the "paragraph B" criteria of Listings 12.04 and 12.06. *Id.* The ALJ found that Plaintiff did not meet this criteria, because she had only "mild restriction" in activities of daily living, "moderate difficulties" in social functioning, "moderate difficulties" with regard to concentration, persistence or pace, and no episodes of decompensation for an extended duration. *Id.* Next, the ALJ found that Plaintiff did not meet the "paragraph C" criteria in Listing 12.04 or 12.06. (Tr. 20-21).

Plaintiff claims that the ALJ misrepresented the contents of Kathy Holaday's third-party functional report, and consequently, erroneously determined that she has only mild restrictions in activities of daily living and moderate difficulties in social functioning. (Doc. # 10-1 at 14). Specifically, Plaintiff alleges that the ALJ erred in stating that Ms. Holaday's report indicated that Plaintiff can do her own laundry, and that she goes out with friends on occasion. (Doc. # 10-1 at 14). However, a review of Ms. Holaday's report reveals that the ALJ did not represent its contents. Contrary to Plaintiff's assertion, Ms.

5

Holaday's report stated that Plaintiff is able to do "laundry and light cleaning with help from her daughter," and that she "has lunch out sometimes." (Tr. 220, 222).

The ALJ also considered parts of Ms. Holaday's report indicating that Plaintiff is not able to work. However, the ALJ concluded that "the mental limitations noted [in the report] are not supported by the medical evidence, and thus [Ms. Holaday] is given little weight as well." (Tr. 24). Accordingly, the Court finds no error in the ALJ's characterization of Ms. Holaday's report. Because the ALJ identified the appropriate criteria to be met for each Listing, reviewed the record evidence in detail, and explained which aspects of the criteria were not satisfied, there is no error with his Step Three analysis.

### 2. *The ALJ did not err in weighing the medical opinion testimony*

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1527. A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*; *see also Abney v. Astrue*, Civ. A. No. 5:07-394-KKC, 2008 WL 2074011, at *11 (E.D.K.Y. May 13, 2008) (stating that one meeting is insufficient to establish an ongoing treatment relationship). A non-treating source is an acceptable medical source who has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source has not examined the claimant but provided medical or other opinion evidence in the case. *Id.*

Plaintiff alleges that the ALJ failed to give sufficient weight to the medical opinion testimony provided by Dr. Wu, a treating source. A treating source's opinion is entitled to controlling weight if it is "'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). If a treating source's opinion is not entitled to controlling weight, the ALJ must consider the following factors in order to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. *Id.* The ALJ must provide "good reasons" for giving less than controlling weight to a treating source's opinion. 20 C.F.R. § 404.1527(d)(2). Specifically, "a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).

Plaintiff argues that the ALJ erred by failing to give Dr. Wu's opinion, as a treating source, controlling weight. Dr. Wu opined that Plaintiff has "marked" functional limitations in maintaining social functioning concentration, persistence or pace, and has experienced three or more episodes of decompensation in a twelve-month period. (Tr. 1264). Plaintiff also takes issue with the ALJ's decision to accept the opinions of Dr. Collins and agency evaluators.

Despite Plaintiff's claims, the ALJ correctly weighed Dr. Wu's opinions. First, the ALJ noted that while Plaintiff has been treated by Dr. Wu for a number of years, their appointments "are typically only 15-minute medication maintenance exams, not psychotherapy to address the claimant's impairments." (Tr. 22). The ALJ also explained that Dr. Wu's opinion noting three episodes of decompensation is given little weight, because "[t]here is no record of any incidence of decompensation in the record, and in Dr. Wu's own treatment notes there is nothing to suggest [Plaintiff] is markedly limited in any domain." (Tr. 24). Moreover, the ALJ noted that Dr. Wu "typically assessed [Plaintiff's] global assessment of functioning at 70 or higher," a score that would be considered mild-to-moderate. (Tr. 23).

The ALJ also thoughtfully explained how he weighed the opinions of Dr. Collins and the state agency evaluators. The state agency evaluators were non-examining sources, who found that Plaintiff was limited, but not the extent she alleged. (Tr. 23). The ALJ gave "great weight" to their opinions, because they were consistent with the record as a whole. *Id.* The ALJ also considered the opinion of Dr. Collins, an examining source who noted only mild-to-moderate limitations in Plaintiff's functioning. (Tr. 23, 405). Dr. Collins's opinion was also given great weight, but the ALJ found that "the evidence does support more limitations than noted by Dr. Collins." *Id.* Because the ALJ explained how much weight he gave to each medical source opinion, and because he detailed his reasons for doing so in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in this portion of the ALJ's analysis.

### *3. The ALJ's RFC assessment is supported by substantial evidence*

An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Soc. Sec. Rul. 96-8p, 61 Fed. Reg. 34484, 34475 (Jul. 2, 1996). Stated another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that he finds credible in the RFC assessment. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff broadly asserts that the ALJ's decision is not supported by substantial evidence. For the reasons explained above, the Court finds no error with the ALJ's treatment of the third-party functional report or medical evidence. At Step Four of the analysis, the ALJ carefully reviewed the record and found that Plaintiff was capable of doing work at all exertional levels with the non-exertional limitations specified. (Tr. 21). The ALJ explained how he weighed each medical source's opinion, considered the objective medical evidence, and considered the third-party report to the extent he found it credible. (Tr. 22-24). Because the ALJ incorporated limitations he found credible in the RFC and properly weighed all of the medical and non-medical testimony, there is no error. Accordingly, substantial evidence supports the ALJ's determination that Plaintiff was not disabled.

## III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence. Accordingly,

**IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 12) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 11th day of May, 2017.



Signed By:
*David L. Bunning* DB
United States District Judge

k:\data\socialsecurity\moos\covington\16-181 taylor moo.docx